1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN HOLLAND,<br><br><div align="center">Plaintiff,</div><br>v.<br><br>PROTECTION ONE ALARM MONITORING, INC., a Delaware corporation,<br><br><div align="center">Defendant.</div> | NO.<br><br>COMPLAINT<br><br>JURY DEMAND REQUESTED |

Plaintiff John Holland alleges as follows:

<div align="center">

**I.      PARTIES**

</div>

1.1      Plaintiff John Holland was formerly employed with Defendant Protection One Alarm Monitoring, Inc.  Mr. Holland resides in Puyallup, Pierce County, Washington.

1.2      Defendant Protection One Alarm Monitoring, Inc. ("Protection One") is a Delaware corporation with an agent registered with the Washington Secretary of State, and is doing business in Kent, King County, Washington.

<div align="center">

**II.      JURISDICTION & VENUE**

</div>

2.1      Mr. Holland alleges federal claims against Protection One under the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA") and the Americans with

Law Office
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

Disabilities Act, 42 US.C. § 12101 et seq. ("ADA").

2.2    Mr. Holland also alleges state claims against Protection One under Washington's Family Leave Act ("WFLA"), RCW Chapter 49.78, the Washington's Law Against Discrimination ("WLAD"), RCW Chapter 49.60, and RCW 9.73.060.

2.3    This Court has jurisdiction over Mr. Holland's federal claims alleged herein and has jurisdiction to grant the relief requested under 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Mr. Holland's related state law claims under 28 U.S.C. § 1367.

2.4    Venue is proper in the Western District of Washington at Seattle pursuant to 28 U.S.C. § 1391(b) because Defendant is doing business in the State of Washington and has offices in Kent, King County, Washington, and the wrongful acts alleged herein occurred in Kent, which is in the Western District of Washington's Seattle Division.

2.5    Protection One's registered agent for service of process is CT Corporation System, 505 Union Ave. SE, Suite 120, Olympia, WA 98501.

### III.    FACTUAL BACKGROUND

3.1    Starting in 2009, Mr. Holland became a General Manager for Protection One.

3.2    On March 14, 2013, Mr. Holland received a positive employment evaluation specifically giving him positive ratings on his manner of being a supervisor. His review states, in part, "John is a good leader who is passionate and wants to be number one and works hand in hand with his team."

3.3    A little over a month later, on April 23, 2013, Mr. Holland experienced chest pains and went to the Emergency Room for diagnosis.  The Emergency Room

COMPLAINT AND JURY DEMAND - 2
[100103144]

Law Office
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

doctor administered tests and diagnosed Mr. Holland with stress-induced high blood pressure.  As a result of this diagnosis, Mr. Holland requested a reasonable accommodation from Protection One.  Mr. Holland also requested FMLA paperwork for his health condition.  Mr. Holland communicated his health condition to his supervisor and Protection One's Human Resources Vice President.  Protection One responded in a negative manner.  Mr. Holland returned to work on or about May 20, 2013, after an approved time off.

3.4     On June 4, 2013, Mr. Holland was terminated on pretextual grounds with Protection One claiming inaccurately that he was fired as a result of discipline problems and also asserting that he was terminated as a result of alleged comments Mr. Holland made during an illegally recorded conversation.

3.5     Prior to his termination, Mr. Holland was apparently recorded at work without his knowledge or consent.  Protection One used this recording as an alleged basis to terminate Mr. Holland's employment.   The termination letter provided by Protection One to Mr. Holland explains, in part, "[b]ased on the recent ethics complaint and a recording of a meeting in which John dropped multiple F-bombs along with other inappropriate/unprofessional language, he is not modifying his behavior. . . . As a result of John's continued unacceptable behavior we are separating him as of today."

3.6     Through an email sent on June 21, 2013 to Protection One's Senior Vice President, General Counsel & Secretary, P. Gray Finney, Mr. Holland explained that the recording was done without his knowledge or consent, and, therefore, in violation of Washington law.  In response, and inconsistent with the Protection One termination letter, Mr. Finney responded as follows:

> This confirms receipt of your e-mail. Rest assured that we are preserving **all** evidence in connection with your separation (e.g., employee complaints, Ethics Complaints, documentation of

COMPLAINT AND JURY DEMAND - 3
[100103144]

Law Office
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

yelling, profanity, & degrading comments regarding employees, etc., etc., etc., yada, yada, yada, on & on, on & on). P1 gave you **EVERY CHANCE** – Betsy, Ed, & even Tim, personally tried to coach you up. This is all on you, my friend. Regarding the "recording of a meeting in which John dropped multiple F-bombs along with other inappropriate/unprofessional language," we received a digital audio file anonymously via e-mail, obviously, P1 did not authorize or condone the recording. With all of your other "history," it played no part in your separation.  Please understand that if you choose to drag this out, the litigation process will create a public record of your conduct at issue.  Wish you all the best!

3.7     Through a letter dated July 22, 2013, Mr. Holland requested a copy of the recording referenced in his termination letter.  Protection One, however, has not provided access or any further information regarding this recording.

3.8     Through a letter dated August 6, 2013, Mr. Holland filed a Charge of Discrimination against Protection One with the Equal Employment Opportunity Commission ("EEOC").  A copy of this Charge of Discrimination, is attached as **Exhibit 1** to this Complaint.  The documentation included with the Charge of Discrimination includes the documents described above and further explains the factual basis for Mr. Holland's claims.

3.9     On January 10, 2015, Mr. Holland received the EEOC's Notice of Right to Sue.  A copy of this Notice is attached as **Exhibit 2**.

## IV.     FIRST CAUSE OF ACTION
### VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

4.1     Protection One is subject to the FMLA.

4.2     Mr. Holland was employed at Protection One for more than 1,250 hours in the year preceding his termination.

4.3     Mr. Holland was eligible for protection under the FMLA.

COMPLAINT AND JURY DEMAND - 4
[100103144]

Law Office
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

4.4     Mr. Holland was entitled to leave because of his health condition.

4.5     In terminating his employment, for discriminatory and retaliatory purposes Protection One violated the FMLA.

4.6     As a direct and proximate result of Protection One's violation, Mr. Holland has suffered lost wages in an amount to be proven at trial.  Pursuant to the FMLA, he is entitled to recover all past and future lost wages along with interest, attorneys' fees, and costs.  Because Protection One's violation was not in good faith, it is also liable for liquidated damages, double damages, or punitive damages as allowed by the FMLA.

## V.      SECOND CAUSE OF ACTION
## AMERICANS WITH DISABILITIES ACT

5.1     The conduct, acts, and omissions of Protection One constitute a violation of the ADA.  By terminating his employment based upon his disability or perceived disability, failing to provide accommodations, and retaliating against Plaintiff, Protection One violated federal law.

5.2     As a direct and proximate result of Protection One's violation, Mr. Holland has suffered damages in an amount to be proven at trial.  He is entitled to recover for all such damages, including but not limited to past and future lost wages, benefits or other compensation, non-economic damages, punitive damages, interest, attorneys' fees, and costs.

## VI.     THIRD CAUSE OF ACTION
## WASHINGTON'S LAW AGAINST DISCRIMINATION

6.1     The conduct, acts, and omissions of Protection One constitute disability discrimination by retaliating, failing to accommodate, and wrongfully terminating

COMPLAINT AND JURY DEMAND - 5
[100103144]

Law Office
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

Mr. Holland because of his health condition or perceived health condition.  Such acts, singularly and collectively, are in violation of WLAD.

6.2    As a direct and proximate result of Protection One's discriminatory and retaliatory conduct, Mr. Holland has suffered damages in an amount to be proven at trial.  Pursuant to WLAD, he is entitled to recover all actual and compensatory, economic and non-economic, special and general damages, as well as attorneys' fees.

## VII.    FOURTH CAUSE OF ACTION
## VIOLATION OF RIGHT OF PRIVACY

7.1    Washington law, RCW 9.73.060 explains:

> Any person who, directly or by means of a detective agency or any other agent, violates the provisions of this chapter shall be subject to legal action for damages, to be brought by any other person claiming that a violation of this statute has injured his or her business, his or her person, or his or her reputation. A person so injured shall be entitled to actual damages, including mental pain and suffering endured by him or her on account of violation of the provisions of this chapter, or liquidated damages computed at the rate of one hundred dollars a day for each day of violation, not to exceed one thousand dollars, and a reasonable attorney's fee and other costs of litigation.

7.2    As a direct and proximate result of Protection One's violation of RCW Chapter 9.73, Mr. Holland has suffered damages in an amount to be proven at trial.  Pursuant to RCW 9.730.06, he is entitled to recover all actual and compensatory, economic and non-economic, special and general, and liquidated damages, as well as attorneys' fees and costs of litigation.

## VIII.    PRAYER FOR RELIEF & JURY DEMAND

Mr. Holland asks the Court for the following relief:

A.    For judgment against Defendant Protection One Alarm Monitoring, Inc. for

COMPLAINT AND JURY DEMAND - 6
[100103144]

Law Office
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

all actual and compensatory, economic and non-economic, general and special damages as allowed by law;

B.    For all liquidated damages, double damages, and punitive damages as allowed by law;

C.    For all costs, expenses of litigation, interest, and reasonable attorneys' fees as allowed by law;

D.    For an enhanced award for federal tax consequences to make Plaintiff whole;

E.    For trial by jury; and

F.    For such other relief as the court deems just and equitable.

Dated this 19th day of February, 2015.

GORDON THOMAS HONEYWELL LLP


By: /s/ James W. Beck
       James W. Beck, WSBA No. 34208
       jbeck@gth-law.com
       Stephanie Bloomfield, WSBA No. 24251
       sbloomfield@gth-law.com
       Christopher T. Wall, WSBA No. 45873
       cwall@gth-law.com
       Attorneys for Plaintiff

Law Office
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON  98401-1157
(253) 620-6500  -  FACSIMILE (253) 620-6565

# EXHIBIT 1

| Charge of Discrimination | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☑ EEOC | |

| **Washington State Human Rights Commission** _____ and EEOC |
|---|
| State of local Agency, if any |

| Name (indicate Mr., Ms., Mrs.) | Home Phone No. (incl Area Code) | Date of Birth |
|---|---|---|
| **Mr. John Holland** | **253-219-7022** | **06/05/1960** |

| Street Address | City, State and ZIP Code |
|---|---|
| **Attn: James W. Beck, Gordon Thomas Honeywell, et al., 1201 Pacific Ave., Ste. 2100, Tacoma, WA  98402** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (include Area Code) |
|---|---|---|
| **Protection One** | **Over 1000** | **425-656-7150** |

| Street Address | City, State and ZIP Code |
|---|---|
| **22026 68th Avenue South** | **Kent, WA  98032-1939** |

| Name | No. Employees, Members | Phone No. (include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN<br>☑ RETALIATION   ☐ AGE   ☑ DISABILITY   ☐ OTHER | Earliest: April 23, 2013   Latest: June 4, 2013<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE  *(If additional paper is needed, attach extra sheet(s)):*

**Mr. Holland became the General Manager of Kent, WA Protection One in December of 2009. In that capacity, he was in charge of operations in Washington, Idaho and Alaska. On March 14, 2013, Mr. Holland received a positive employment evaluation specifically giving him positive ratings on his manner of being a supervisor. On April 23, 2013, Mr. Holland experienced chest pains and went to the Emergency Room (ER) for diagnosis. The ER doctor administered tests and diagnosed Mr. Holland with stress-induced high blood pressure. As a result of this diagnosis, Mr. Holland requested a reasonable accommodation from his employer, Protection One. Mr. Holland also requested FMLA paperwork for this health condition. Mr. Holland communicated his health condition to his Supervisor and Protection One's Human Resources Vice President. Mr. Holland returned to work on or about May 20, 2013, after an approved time off. On June 4, 2013, Mr. Holland was terminated on pretext grounds claiming inaccurately that he was terminated as a result of prior discipline problems and also asserting that he was terminated as a result of alleged comments Mr. Holland made during an illegally recorded conversation. Since his termination, Protection One has later written that the recording played no role in his termination. Protection One has also failed to produce a copy of the recording, even though such a request was made by Mr. Holland. Attached to this Charge are copies of Mr. Holland's March 14, 2013 employment evaluation, Protection One's June 4, 2013's Termination Notice, Mr. Holland's FMLA paperwork, email correspondence between Mr. Holland and Protection One's General Counsel, and correspondence to Protection One requesting a copy of the referenced audio recording. Protection One discriminated against Mr. Holland for his medical disability and for requesting accommodation. Protection One also retaliated against Mr. Holland for exercising his rights.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements. |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>8/6/13   *[signature]* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

[100071651.docx]

# EMPLOYEE PERFORMANCE EVALUATION
## MANAGEMENT AND SUPERVISORY EMPLOYEES



| Name | John Holland | Department | Seattle | | Department # | 11200 |
|------|------|------|------|------|------|------|
| Job Title | General Manager | | Employee ID | 81216 | Review Date | 3/13/13 |

| | | | | | |
|------|------|------|------|------|------|
| Appraisal Covers Period from | 3/1/2012 | to | 3/1/2019 | Appraiser's Employee ID: | 4205 |
| Appraiser's Name | | | | | |

## PERFORMANCE RATING SCALE

**Rating**

**Exceeds Expectations (EE)** — Performance <u>consistently meets and exceeds</u> expectations. Employee demonstrates measurable contribution significantly above what is expected for this position.

**Meets Expectations (ME)** — Performance <u>consistently meets</u> expectations for this position. Employee knows and performs the job well. May occasionally exceed expectations in some areas. <u>Fully competent and valuable employee.</u>

**Below Expectations (BE)** — Performance <u>does not meet</u> expectations for position. Improvements are necessary for the employee to fully meet expectations. Performance does not indicate successful completion of assigned responsibilities without assistance and requires more than expected supervision.

## KEY ACCOUNTABILITIES

- **Key Accountabilities:** Primary accountabilities identified in current job description or ongoing projects that occur during review period.

- **Expected Results:** Agreed upon measures or expectations.

**At the beginning of Appraisal Period:**

Part I – <u>Key Accountabilities</u> should equal 75% of total review and Part II – <u>Competencies</u> should comprise the remaining 25% of the total review. Consider how results will be measured: i.e., completion date, number of items completed, thoroughness expected, etc.

**At the end of Appraisal Period:**

A. Review each accomplishment and indicate the appropriate rating from the Rating Scale above which best fits the employee's ACTUAL performance during the entire rating period. Comments should substantiate the rating chosen.

B. Enter (N/A) if assignments have not provided a basis for evaluation during the appraisal period.

C. Indicate a Total Rating for each Key Accountability.

D. Indicate the appropriate Overall Performance Rating.

# EMPLOYEE PERFORMANCE EVALUATION
## MANAGEMENT AND SUPERVISORY EMPLOYEES



| KEY ACCOUNTABILITIES – 75% |
|---|

Review Performance of Key Accountabilities for this cycle. List below, the accountabilities and results that have been agreed to for this review period. Evaluate performance on each accountability by indicating the appropriate rating to the right. Each accountability should be weighed separately to emphasize its overall importance. The total weight for all Key Accountabilities combined should equal 75%.

**WEIGHT:** 15%          RATING → EE ☐   ME ☐   BE ☒

**1. Key Accountability/Objectives:**
Financial Delivery

**Expected Results:**
To meet budgeted expectations for Service drag, Act to Bgt Outright GM, Creation Multiple and DQ RMR

**Attained Results:**
Service Drag -9.95% 13th in the country. Act/Bgt Outright GM 97.18% 18 in the country. Creation Multiple 23.36 19 in the country. DQ RMR .51% 6th in the country and Blue Box. one out of 4 blue Boxes.

**WEIGHT:** 15%          RATING → EE ☐   ME ☒   BE ☐

**2. Key Accountability/Objectives:**
RMR Delivery

**Expected Results:**
To meet budgeted expectation for Gross Attrition, Resign rate and Net RMR Growth

**Attained Results:**
Gross Attrition 9.93% 6th in the country blue box. Resign rate 18.02% 4th in the country blue box. Net RMR Growth 1.44% 28 in the country. Two out of three blue boxes.

**WEIGHT:** 15%          RATING → EE ☐   ME ☐   BE ☒

**3. Key Accountability/Objectives:**
Sales Delivery

**Expected Results:**
To meet budgeted expectation Act to Bgt IR, Act to Bgt RMR and Activity Points

**Attained Results:**
Act/Bgt IR 80.48% 22nd in the country. Act/Bgt RMR 96.45% 18th in the country. WSP/Tech 6,247.75 26th in the country.

# EMPLOYEE PERFORMANCE EVALUATION
## MANAGEMENT AND SUPERVISORY EMPLOYEES



| KEY ACCOUNTABILITIES (Continued) |
|---|

Review Performance of Key Accountabilities for this cycle. List below, the accountabilities and results that have been agreed to for this review period. Evaluate performance on each accountability by indicating the appropriate rating to the right. Each accountability should be weighed separately to emphasize its overall importance. The total weight for all Key Accountabilities combined should equal 75%.

**WEIGHT:** 30%                               RATING → EE ☒   ME ☐   BE ☐

**4. Key Accountability/Objectives:**

Overall Branch Rankings

**Expected Results:**

To have the branch move up in the overall rankings

**Attained Results:**

Moved the branch from 12th in 2011 to 9th in 2012.

---

**WEIGHT:**                               RATING → EE ☐   ME ☐   BE ☐

**5. Key Accountability/Objectives:**

**Expected Results:**

**Attained Results:**

---

**WEIGHT:**                               RATING → EE ☐   ME ☐   BE ☐

**6. Key Accountability/Objectives:**

**Expected Results:**

**Attained Results:**

# EMPLOYEE PERFORMANCE EVALUATION
## MANAGEMENT AND SUPERVISORY EMPLOYEES



| COMPETENCIES – 25% |
| --- |

Review each of the six evaluation statements; then indicate the total rating for the dimension(s) indicated. Each competency should be weighed separately to emphasize its overall importance. The total weight for all Competencies should equal 25%. Also, indicate the appropriate overall performance rating.

**WEIGHT** | **5%** | RATING → EE ☐  ME ☒  BE ☐

**1. LEADERSHIP:** Guides a group and/or an individual toward accomplishing organizational objectives.

**EVALUATION:**
- Demonstrates the capacity to promote and inspire teamwork, trust, and a cooperative work environment; contributes to the development, cohesion, and productivity of the team; and motivates others to accomplish objectives.
- Facilitates teamwork through open and honest communication. Directs and influences the activities and performance of a team to obtain goals. Rewards and recognizes individual and team successes.
- Earns the respect of others by setting a professional example, displaying exemplary job knowledge, and maintaining high individual performance.
- Demonstrates the ability to manage effectively and objectively in a diverse work environment. Promotes cultural diversity in the workplace.
- Demonstrates the courage to take action when outcomes are uncertain; accepts ownership of outcomes, and leads by example.

Comments

John is a good leader who is passionate and wants to be number one and works hand in hand with his team.

**WEIGHT** | **3%** | RATING → EE ☐  ME ☒  BE ☐

**2. DELEGATION:** Effectively gets work accomplished through others.

**EVALUATION:**
- Performs follow-up with employees on a timely manner on assigned responsibilities, and responds with appropriate, clear, concise, specific feedback.
- Entrust others with responsibility for completion of work assignments.
- Empower employees by delegating responsibility and authority to the lowest level possible.
- Assigns specific responsibilities recognizing subordinates capacities, abilities, and limitations.

Comments

John is good at delegation with all of his staff he as worked to have back up where needed.

**WEIGHT** | **4%** | RATING → EE ☐  ME ☒  BE ☐

**3. MANAGING CONFLICT & CHANGE:** Adapts to new situations; helps others overcome change and manage conflict.

**EVALUATION:**
- Demonstrates the ability to address issues as needed and does so in a professional manner.
- Able to maintain a high level of productivity and effectiveness when addressing and managing conflict.
- Works towards relevant and value added solutions when faced with difficulties.
- Demonstrates willingness to negotiate and seek consensus with regard to resolution of work related concerns.

Comments

John Guides His Team Well When Any Conflict Or Change Comes Up.

# EMPLOYEE PERFORMANCE EVALUATION
## MANAGEMENT AND SUPERVISORY EMPLOYEES



| COMPETENCIES (continued) |
|---|

**WEIGHT** `4%`                                     RATING → EE ☐  ME ☒  BE ☐

### 4. COMMUNICATION: Establishes and maintains effective communication.

**EVALUATION:**
- Effectively uses oral and written communication to communicate company and department objectives and goals, and reviews results with employees in a timely manner.
  Provides consistent, ongoing review of work and regular feedback sessions for employees on their performance. Sets clear and reasonable goals and objectives based on feedback sessions and develop effective strategies and plans to meet those goals and objectives.
- Values employee input, listens to employee concerns, and responds with appropriate, clear, concise and specific feedback.
- Communicates and applies Company policies/procedures to all employees fairly and consistently.
- Presents new ideas effectively and gains the support of others; and encourages and recognizes the contributions of others.

**Comments**
Have never seen any issues when is comes to John's skill in communications

---

**WEIGHT** `4%`                                     RATING → EE ☐  ME ☒  BE ☐

### 5. EMPLOYEE DEVELOPMENT: Recognizes and develops skills and abilities of employees in order to meet company objectives.

**EVALUATION:**
- Provides growth and development opportunities to employees through a combination of work assignments, training, and outside development programs and experiences.
- Conduct appropriate orientation and training of employee.
- Provide timely feedback sessions and identify skills needed for growth and development.
- Utilizes effective coaching and mentoring skills to foster ongoing employee development.

**Comments**
John as a team of high potential employees ready to take on upward growth in the company.

---

**WEIGHT** `5%`                                     RATING → EE ☐  ME ☒  BE ☐

### 6. BUSINESS AWARENESS AND MANAGEMENT: Operates effectively with resources available and within budget.

**EVALUATION:**
- Effectively links business strategy to local/departmental goals. Promotes, supports and focuses on the vision, mission, goals and objectives of the organization.
  Compiles monitors and meets annual budget objectives by staying within budget, providing adequate documentation of unanticipated expenses.
- Uses demonstrated cost control efforts and innovative approaches to reduce expenses, or to increase income.
- Conceives and introduces original ideas, methods, and cost-saving programs through creative problem solving.

**Comments**
John has very good business awareness but is not afraid to ask for help when needed.

# EMPLOYEE PERFORMANCE EVALUATION
## MANAGEMENT AND SUPERVISORY EMPLOYEES



| ***** OVERALL PERFORMANCE RATING ***** | EE ☐ | ME ☒ | BE ☐ |
|---|---|---|---|

### PERFORMANCE RATING SCALE

**Exceeds Expectations (EE)** — Performance consistently meets and exceeds expectations. Employee demonstrates measurable contribution significantly above what is expected for this position.

**Meets Expectations (ME)** — Performance meets expectations for this position. Employee knows and performs the job well. May occasionally exceed expectations in some areas. Fully competent and valuable employee.

**Below Expectations (BE)** — Performance does not meet expectations for position. Improvement in one or two areas is necessary for the employee to fully meet expectations. Performance does not indicate successful completion of assigned responsibilities without assistance and requires more than expected supervision.

### STRENGTHS

1. Very good leader

2. Branch buy in, his staff gives him full support

### DEVELOPMENTAL NEEDS

1. Sales Delivery,

2. Operations Delivery

### DEVELOPMENTAL OBJECTIVES (Indicate up to two objectives to be addressed during the appraisal period, referencing the 'DEVELOPMENTAL NEEDS' listed above.)

**OBJ 1** — John needs to work more with the Commercial Manager on the sells numbers. Daily review for better movment

**OBJ 2** — John needs to be more hands on in controlling cost that is causing high CM and low GM.

### EMPLOYEE COMMENTS

None

### SIGNATURES

| | | Date: |
|---|---|---|
| Employee Signature | *[signature]* | 3/14/13 |

*My signature acknowledges that I have been informed of the contents of this document but does not necessarily indicate agreement.*

| | | Date: |
|---|---|---|
| Immediate Manager | *[signature]* | 3-14-13 |
| Next Level Manager | | Date: |
| Exec. Officer Review (if appropiate) | | Date: |

# Human Resources



## TERMINATION NOTICE

| | |
|---|---|
| Employee Name:  John Holland | Employee ID:  81216        Date:  6/4/13 |
| Branch/ Department:  Seattle, Wa | Position:  GENERAL MANAGER |
| Reason:  UJB - Unsatisfactory Job Performance | Action Outcome:  Termination |

**BEFORE discussing with Employee, e-mail TERMINATION Notice to Betsy Scott, VP of Human Resources, for review.**

**SECTION 1 –** Describe, in detail, the misconduct or deficient performance, including any previous Performance Improvement Plan.

John has recevied multiple complaints (including an Ethics complaint) over the past couple of years and recently received a couple more Ethics Complaints. The complaints included intimidating leadership, inappropriate language/comments and negativity toward other departments.    After each complaint a discussion/coaching took place by Betsy Scott, VP Human Resources, John's Regional Vice President and most recently in November 2012, a visit from our CEO, coaching him on his leadership style. Each conversation set clear expectations as to what was acceptable behavior.  During those coaching sessions John was provided options and direction on how to handle his frustrations. Based on the recent ethics complaint and a recording of a meeting in which John dropped multiple F-bombs along with other inappropriate/unprofessional language, he is not modifying his behavior.  Protection 1 strives to provide a positive professional work environment and John's continued behavior does the exact opposite.  His yelling, profanity and degrading comments regarding employees of the branch and other departments create a unacceptable work environment.  As a result of John's continued unacceptable behavior we are separating him as of today.

**SECTION 2 –** Outcome

As a result of the misconduct, deficient performance or violation of policies and procedures stated above, your employment with Protection One Alarm Monitoring, Inc., "Company", is hereby terminated effective immediately. Please promptly return all "Company" property to leadership. <u>All final pay will be available in the same payment manner as last elected by employee, unless otherwise stipulated by State Law to be payable by E-Cash Card.</u>

**SECTION 3 –** Acknowledgement and Signature

| | | |
|---|---|---|
| Signature of Employee | 81216  Employee ID # | 6/4/15  Date |
| Signature of Manager/Supervisor | 09206  Employee ID # | 6-4-13  Date |
| Signature of Witness (optional) | Employee ID # | Date |
| Human Resources Printed Name | HR Employee ID | Date |

**DISTRIBUTION:** Copy to *Employee*, Copy to *Supervisor*, and *Scan to hrprotectionone@protection1.com*

Note:  Protection One Alarm Monitoring, Inc. or any of its respective affiliates, divisions, and/or subsidiaries, including, without limitation, Security Monitoring Services, Inc (collectively the "Company")

# Human Resources



## Family Medical Leave Act (FMLA) Medical Certification Form

A complete medical certification is required to determine whether your health condition, or the health condition of your Spouse, Child or Parent, qualifies for leave under FMLA regulations.

**Instructions to Employee:** Complete page 1 and if you are requesting FML for your own serious health condition do not complete the family member questions. Your health care provider or your family member's health care provider must complete pages 2-4. You will need to supply your health care provider a copy of your job description to ensure their portion of the FMLA application is completed correctly. It is also your responsibility to ensure that your health care provider completes this form and returns it to the appropriate address within 15 calendar days.

**Instructions to Health Care Provider:** Your patient or a family member of your patient has requested a Family and Medical Leave. In order for us to verify that this qualifies under FMLA, please complete pages 2-4 of this form. A copy of the employee's job description is included.

### To be Completed By Employee

Employee's Name: *John Holland*

Name of family member for whom you will provide care: _____

Relationship to Employee (if son or daughter, list date of birth): *Self*

**Employee Signature:**
I permit Protection One Human Resources or its designated health care provider/third party administrator to contact my health care provider or my family member's health care provider for purposes of obtaining clarifying information and authenticity of the medical certification, if necessary.

Employee Signature _____     Date *5/20/13*

### Care for Family Member:

State the care you will provide for your family member (if designated above).

_____
_____
_____
_____
_____
_____

Revised January 6, 2012



# Human Resources

**Protection 1**
SECURITY SOLUTIONS

## To Be Completed By Health Care Provider

1. Patient's Name: *John Holland*

2. Patient's relationship to employee (check one):

☑ Self          ☐ Spouse

☐ Child          ☐ Parent

3. Under FMLA a "serious health condition" means an illness, injury, impairment, or physical or mental condition that involves one or more of the categories below. Does the patient's condition for which he/she is requesting FMLA leave qualify under any of the categories described? If so, check the applicable category (dies):

☐ Inpatient Care (Overnight stay in hospital, hospice, or residential medical care facility). Dates of admission: _____

☑ Continuing Treatment (Patient is unable to work or perform other regular daily activities for more than three consecutive, full calendar days and needs treatment)

☐ Pregnancy, expected delivery date: _____

☐ Chronic Serious Health Condition (i.e., asthma, diabetes, epilepsy, etc.)

☐ Permanent/Long-term Condition Requiring Supervision (i.e., Alzheimer's, severe stroke, terminal stages of disease)

☐ Multiple Treatments (i.e., for cancer, severe arthritis, kidney disease, etc.)

4. Is the employee unable to perform any of his/her job functions due to the condition: ✓ No _____ Yes

~If so, identify the job functions the employee is unable to perform:

_____
_____
_____

5. Will the employee be incapacitated for a single continuous period of time due to his/her medical condition, including any time for treatment and recovery? _____ No ✓ Yes

~If so, estimate the beginning and ending dates for the period of incapacity: 5/10/13 - 5/19/13

8. Will the employee need to attend follow-up treatment appointments or work part-time or on a reduced schedule because of the employee's medical condition: ✓ No _____ Yes

~If so, are the treatments or the reduced number of hours work medically necessary? _____ No _____ Yes

Revised January 6, 2012



# Human Resources

9. Estimate treatment schedule, if any, including the dates of any scheduled appointments and the time required for each appointment, including any recovery period:

_____

10. Estimate the part-time or reduced work schedule the employee needs, if any:

_____ hour (s) per day; _____ Days per week from _____ through_____

11. Will the condition cause episodic flare-ups periodically preventing the employee from performing his/her job functions? _____✓___ No _____ Yes

Is it medically necessary for the employee to be absent from work during the flare-ups? _____ No_____ Yes ~If so, explain:

_____
_____
_____

12. Based upon the patient's medical history and your knowledge of the medical condition, estimate the <u>specific</u> frequency and the <u>specific</u> duration of related incapacity that the patient may have over the next 6 months (e.g., 1 episode every 3 months lasting 1-2 days). (Unknown, varies, undetermined are unacceptable responses and will be considered deficiency information):

Frequency: _____ times per_____ week (s) _____ month (s)

Duration: _____ minutes/hours or _____ day (s) per episode

**Employee Work Status (care for family member)**

13. Because of the condition identified in questions 3, employee needs a leave of absence to:

☐ Assist patient with basic medical needs, hygiene/nutritional needs or for safety or transportation purposes.

☐ Provide psychological comfort that would be beneficial to patient or assist in patient's recovery.

14. Estimate the time the employee needs to care for a family member (Unknown, varies, undetermined are unacceptable responses and will be considered deficiency information):
:

Frequency: _____ times per_____ week(s) _____ month(s)

Duration: _____ hours or_____ day(s) per episode

Revised January 6, 2012

# Human Resources



**Physician Information:**

Name of Health Care Provider (please print): Warren Miller, MD

Provider's Signature: _Warren Miller MD_ Date: 5-20-13

Type of Practice: Family Practice

Address: 11019 Canyon Rd E Suite A Puyallup, WA 98373

Telephone Number: 253-537-0293   Fax Number: 253-537-7650

## GINA Information

The Genetic Information Nondiscrimination Act of 2008 ("GINA") prohibits employers from requesting or requiring genetic information of an individual or family member of the individual, except as specifically allowed by this law. To comply with this law, we are asking that you not provide any genetic information when responding to this request for medical information. "Genetic information," as defined by GINA, includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or family member receiving assistive reproductive services.

Revised January 6, 2012

## CenturyLink Webmail

<div align="right">johnholland@centurylink.ne</div>
<div align="right">± Font size -</div>

## RE: Notice to Retain Evidence

**From :** Gray Finney <PelhamFinney@ProtectionOne.com>                    Fri, Jun 21, 2013 07:08 PM

**Subject :** RE: Notice to Retain Evidence

**To :** JOHN HOLLAND Owner <johnholland@centurylink.net>, Betsy Scott
<ElizabethScott@ProtectionOne.com>

John:

This confirms receipt of your e-mail. Rest assured that we are preserving **all** evidence in connection with your separation (e.g., employee complaints, Ethics Complaints, documentation of yelling, profanity, & degrading comments regarding employees, etc., etc., etc., yada, yada, yada, on & on, on & on). P1 gave you **EVERY CHANCE** – Betsy, Ed, & even Tim, personally tried to coach you up. This is all on you, my friend. Regarding the "recording of a meeting in which John dropped multiple F-bombs along with other inappropriate/unprofessional language," we received a digital audio file anonymously via e-mail. Obviously, P1 did not authorize or condone the recording. With all of your other "history," it played no part in your separation.

Please understand that if you choose to drag this out, the litigation process will create a public record of your conduct at issue.

Wish you the best!

===========================================

P. Gray Finney
Senior Vice President, General Counsel & Secretary
Phone: 972.916.6154 (Irving, TX)
Phone: 850-390-4777 (Pensacola, FL)
Fax: 972.916.6195
4221 W. John Carpenter Fwy
Irving, Texas 75063
grayfinney@Protection1.com
www.Protection1.com



A BETTER CHOICE FOR YOU

The information contained in this transmission is confidential and/or may contain attorney-client privileged communications intended for the use of the individual or entity named above. If the reader of this electronic message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying is strictly prohibited.

**From:** JOHN HOLLAND Owner [mailto:johnholland@centurylink.net]
**Sent:** Friday, June 21, 2013 2:01 PM
**To:** Betsy Scott; Gray Finney
**Subject:** Notice to Retain Evidence

This is to notify you of possible civil litigation and subsequent preservation of evidence.

Concerning the termination of John Holland on 4 June 2013, which termination reasons included the use of a recording as referenced in the termination notice. Such recording appears to have been illegal under the Revised Code of Washington, Chapter 9.73, requiring all parties participating in a conversation to give permission to be recorded.

Such being the case, both criminal actions per RCW 9.73.030, and joint and several civil litigation per RCW 9.73.060 may be in order, both as to the individual making the recording and providing the recording to Protection One, and Protection One for the subsequent use of the recording in disciplinary action against Mr. Holland.

Therefore, Protection One is hereby noticed to preserve such recording and/or copies of the recording in its possession according to laws concerning potential evidence.  Further, Protection One is noticed to inform the employee that made, and provided the recording to Protection One, to preserve it.

Additionally, Protection One's legal counsel may well need to notify employee of the legal consequences concerning destruction of evidence and advise them to seek individual legal counsel for the possibility of the criminal and civil action under RCW, Chapter 9.73, Right to Privacy.


Very Respectfully Yours,


John


cc: file



GORDON THOMAS HONEYWELL LLP

James W. Beck
Direct: (253) 620-6402
E-mail: jbeck@gth-law.com

July 22, 2013

VIA EMAIL (grayfinney@Protection1.com)
AND U.S. MAIL

P. Gray Finney
Senior Vice President, General Counsel & Secretary
Protection One Alarm Monitoring, Inc.
4221 W. John Carpenter Fwy.
Irving, TX  75063

RE:    *Holland v. Protection One Alarm Monitoring, Inc.*

Dear Mr. Finney:

This firm represents John Holland.  I am writing to request a copy of the recording referenced in the attached termination document as well as the identity of the individual who made the recording referenced.  At your earliest convenience, please provide us with a copy of this recording.

Additionally, I request that you maintain all documents in your possession regarding Mr. Holland.  This includes, but is not limited to, the audio recording referenced above in its native form, all email communication and internal documentation, any electronic communications, and all of the documents that were in Mr. Holland's office at the time of his discharge, which would include those papers that were not returned to him.

Thank you for your anticipated cooperation.

Sincerely,

James W. Beck

JWB:jmh
Enclosure
cc:    John W. Holland
       Stephanie Bloomfield

Reply to:
Tacoma Office
1201 Pacific Ave., Suite 2100    (253) 620-6500
Tacoma, WA 98402                (253) 620-6565 (fax)

Seattle Office
600 University, Suite 2100    (206) 676-7500
Seattle, WA 98101            (206) 676-7575 (fax)

Law Offices | www.gth-law.com

[100070991.docx]

# Human Resources



Protection 1
SECURITY SOLUTIONS

## TERMINATION NOTICE

| | |
|---|---|
| Employee Name: John Holland | Employee ID: 81216    Date: 6/4/13 |
| Branch/ Department: Seattle, Wa | Position: GENERAL MANAGER |
| ~~Reason~~ UJB - Unsatisfactory Job Performance | Action Outcome: Termination |

**BEFORE discussing with Employee, e-mail TERMINATION Notice to Betsy Scott, VP of Human Resources, for review.**

## SECTION 1 — Describe, in detail, the misconduct or deficient performance, including any previous Performance Improvement Plan.

John has received multiple complaints (including an Ethics complaint) over the past couple of years and recently ~~~~. The complaints included ~~~~ leadership, inappropriate language/comments and negativity toward other departments. After each complaint a discussion/coaching took place by Betsy Scott, VP Human Resources, John's Regional Vice President and most recently in November 2012, a visit from our CEO, coaching him on his leadership style. Each conversation set clear expectations as to what was acceptable behavior. During those coaching sessions John was provided options and direction on how to handle his frustrations. Based on the recent ethics complaint and a recording of a meeting in which John dropped multiple F-bombs along with other inappropriate/unprofessional language, he is not modifying his behavior. Protection 1 strives to provide a positive professional work environment and John's continued behavior does the exact opposite. His yelling, profanity and degrading comments regarding employees of the branch and other departments create a unacceptable work environment. As a result of John's continued unacceptable behavior we are separating him as of today.

## SECTION 2 — Outcome

As a result of the misconduct, deficient performance or violation of policies and procedures stated above, your employment with Protection One Alarm Monitoring, Inc., "Company", is hereby terminated effective immediately. Please promptly return all "Company" property to leadership. **All final pay will be available in the same payment manner as last elected by employee, unless otherwise stipulated by State Law to be payable by E-Cash Card.**

## SECTION 3 — Acknowledgement and Signature

| | | |
|---|---|---|
| _Signature of Employee_ | 81216 _Employee ID #_ | 6/4/13 _Date_ |
| _Signature of Manager/Supervisor_ | 092206 _Employee ID #_ | 6-4-13 _Date_ |
| Signature of Witness (optional) | Employee ID # | Date |
| Human Resources Printed Name | HR Employee ID | Date |

**DISTRIBUTION:** Copy to _**Employee**_, Copy to _**Supervisor**_, and _**Scan to hrprotectionone@protection1.com**_

Note: Protection One Alarm Monitoring, Inc. or any of its respective affiliates, divisions, and/or subsidiaries, including, without limitation, Security Monitoring Services, Inc (collectively the "Company")

ATTACHMENT #1

# EXHIBIT 2

EEOC Form 161-B (11/09)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:   John Holland<br>C/O: James W. Beck, Gordon T. Honeywell, Et. Al.<br>1201 Pacific Ave., Suite 2100<br>Tacoma, WA 98402 | From:   **Seattle Field Office**<br>**909 First Avenue**<br>**Suite 400**<br>**Seattle, WA 98104** |

| ☐ | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **551-2013-01629** | **Richard R. Hernandez,**<br>**Investigator** | **(206) 220-6936** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

| ☒ | More than 180 days have passed since the filing of this charge. |
|---|---|
| ☐ | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge. |
| ☒ | The EEOC is terminating its processing of this charge. |
| ☐ | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

| ☐ | The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost. |
|---|---|
| ☐ | The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Redina W. Ustaus* For

**Nancy A. Sienko,**
**Director**

JAN 0 8 2015

*(Date Mailed)*

Enclosures(s)

cc:   PROTECTION ONE
c/o FARELIGH WADA WITT
attn: Trish A. Walsh
121 SW Morrison Street, Ste 600
Portland, OR 97204

RECEIVED
JAN 10 2015

James W. Beck
GORDON THOMAS HONEYWELL
1201 Pacific Ave.
Suite 2100
Tacoma, WA 98402

GORDON, THOMAS, HONEYWELL
MALANCA, PETERSON & DAHEIM LLP